UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMIE L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-339-TAV-HBG |
| | ) | |
| SHERIFF ROBBIE GOINS, | ) | |
| ADMIN. STONEY LOVE, and | ) | |
| CAMPBELL COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") currently housed at the Campbell County Jail, is proceeding pro se on a complaint alleging violations of 42 U.S.C. § 1983 [Doc. 1]. He has also filed a related motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed in *forma pauperis* and dismiss his complaint for failure to state a claim upon which relief may be granted.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**. Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130,

Knoxville, Tennessee, 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil

Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

Plaintiff maintains that, despite being sentenced to TDOC custody, he has been confined in the Campbell County Jail for the past six months, where he is not provided access to educational or work programs, he is not allowed sentence reduction credits, and he is not provided the hour outside per day that he has a right to receive [Doc. 1 p. 3-4].

Plaintiff alleges that all of these conditions violate his rights under State law, and that he has grieved the issues to Sheriff Goins and Jail Administrator Stoney Love with no response [*Id.* at 3].

### C. Analysis

As a preliminary matter, the Court notes that all of Plaintiff claims are raised under State law. By its plain language, § 1983 provides redress for the violation of federal rights. 42 U.S.C. § 1983. Therefore, Plaintiff's express allegations fail to raise a viable § 1983 claim. Nonetheless, the Court, providing liberal construction to Plaintiff's complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'" (internal citation omitted)) will consider whether Plaintiff's allegations constitute a plausible violation of his constitutional rights.

Plaintiff asserts that his incarceration in the Campbell County Jail prevents his right to work, participate in programs, and receive sentencing credits. To raise a cognizable constitutional issue regarding these claims, Plaintiff must demonstrate that these interests are protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). First, the Court finds Plaintiff has no right under constitutional or Tennessee law to earn sentencing credits. *See Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992); Tenn. Code Ann. § 41-21-236(a)(2).

4

Accordingly, Plaintiff's allegation that he is denied the opportunity to earn sentencing credits at the Campbell County Jail fails to state a constitutional claim. Second, prisoners possess no constitutional right to educational, vocational, or rehabilitative privileges. *See, e.g., Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (holding "a prisoner does not have a constitutional right to prison employment or a particular prison job"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Therefore, Plaintiff's allegation that he is denied these privileges fails to state a constitutional claim. Third, Plaintiff has no liberty interest in either his housing placement security classification, *see, e.g., Montanye v. Haymes*, 427 U.S. 236, 242 (1976), and any delay in transferring Plaintiff to a TDOC facility neither raises a constitutional issue nor warrants the Court's intervention. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances).

Next, the Court finds that, to the extent Plaintiff complains about the denial of response to his prison grievances, such an allegation fails to raise a constitutional claim. Inmates have no constitutional right to a grievance procedure, and they therefore have no federally protected interest in having any such grievances resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Moreover, Sheriff Goins and Administrator

5

Love cannot be held liable for merely failing to act upon Plaintiff's grievances, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

This brings the Court to Plaintiff's remaining claim, which is that he has been denied "an hour outside a day," thereby depriving him of sunshine and Vitamin D [Doc. 1 p. 3]. In considering this allegation, the Court notes that conditions constituting "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a cognizable § 1983 conditions-of-confinement claim under the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted).

Prisoners are entitled sufficient outdoor recreational opportunities to maintain reasonably good physical and mental health; no constitutional right to one hour outdoors per day exists. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). Nothing in Plaintiff's allegations suggest that he is not allowed outdoors at all or that he does not have any access to sunshine; he only alleges that he is not allowed the daily hour to which he believes he is entitled. Further, nothing in Plaintiff's allegations suggest that there is currently an unreasonable risk of damage to Plaintiff's health or safety, nor does Plaintiff allege that he has been previously harmed by

6

Case 3:21-cv-00339-TAV-HBG   Document 4   Filed 10/06/21   Page 6 of 7   PageID #: 18

the desired level of outdoor recreation. Therefore, the Court finds that Plaintiff has failed to state a claim upon which § 1983 relief may be granted.[1]

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requests no relief in his complaint [*See, generally*, Doc. 1]. Nonetheless, the Court finds that the absence of any alleged injury to Plaintiff prevents his recovery for monetary damages. *See, e.g.*, *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) (holding "a violation of a federally secured right is remedial in damages only upon proof that the violation proximately caused injury" in Eighth Amendment context); *see also* 42 U.S.C. § 1997e(e) (providing plaintiff must have suffered a physical injury to obtain damages for mental or emotional injury).